**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

_____

| | | |
|---|---|---|
| JIMI ROSE, *et al.* | : | |
| Plaintiffs, | : | |
| | : | |
| v. | : | Civil No. 5:21-cv-04946-JMG |
| | : | |
| ED PAWLOWSKI, *et al.*, | : | |
| Defendants. | : | |

_____

**MEMORANDUM OPINION**

**GALLAGHER, J.**                                          **February 27, 2023**

## I.  OVERVIEW

Plaintiffs, community leaders and activists, raise civil rights allegations against the City of Allentown and numerous city officials. The Court liberally construes pro-se Plaintiffs' Complaint in this action to bring two 42 U.S.C. § 1983 claims and a claim under the Americans With Disabilities Act of 1990 ("ADA") against Defendants, municipal government entities ("Government Entity Defendants") and their current/former employees ("Individual Defendants").

Because Plaintiffs' claims against the Individual Defendants are brought against them in their official capacity, these claims are dismissed with prejudice as they are duplicative of Plaintiffs' claims against the Government Entity Defendants.

Because Plaintiffs' remaining claims against Government Entity Defendants fail to state a claim upon which relief may be granted, these claims are dismissed without prejudice. Because re-pleading may cure these decencies, Plaintiffs are granted leave to file an amended complaint against the Government Entity Defendants within forty-five (45) days.

## II.    BACKGROUND
### a.  PLAINTIFFS' COMPLAINT

The Plaintiffs in this action consist of Jimi Rose, Marcus A. Henry, Jr., Latoya McPherson, and Jalil Rasheed ("Plaintiffs"). On November 15, 2021 Plaintiffs filed a Complaint (the "Complaint" or "Plaintiffs' Complaint") (ECF No. 5) against Defendants City of Allentown; former Mayor of Allentown Ray O'Connell; former Mayor of Allentown Ed Pawlowski; City of Allentown Treasury and Accounting Manager Bina Patel; former President of Allentown City Council Julio A. Guridy; Vice President of Allentown City Council Cynthia Mota; Allentown City Councilperson Candida Affa; Allentown City Councilperson Cecilia Ce-Ce Gerlach; Allentown City Councilperson Daryl L. Hendricks; former Allentown City Councilperson Joshua Siegel; Allentown City Councilperson Ed Zucal; the Allentown Bureau of Planning and Zoning; former Director of Planning and Zoning for the City of Allentown Irene Woodward; Allentown Parks and Recreation; and former Executive Director of Allentown Parks and Recreation Karen El-Chaar (collectively, "Defendants").

Although the first section of the Complaint is untitled, ¶¶ 1-114 of the Complaint allege that Defendants violated Plaintiffs civil rights pursuant to 42 U.S.C. § 1983 arising out of Defendants' failure to rebuild and "make fit for human habitation" Valania Park, which "is a neighborhood park located off Union Street between William Street and S. 6th Street" in Allentown, Pennsylvania. *See* Ex. B to Compl. at pg. 2.

Also within the first section of the Complaint, Plaintiffs' allege that "Valania Park currently violates the Disabilities Act for the State of Pennsylvania." Compl. at ¶ 24.

The second section of the Complaint consists of ¶¶ 115-169 and is contained under the heading "Count II" and appears to allege civil rights violations by Defendants arising out of policies and

practices that invest in the development of predominately white communities, but not in the development of predominately minority communities.

**b.  Section One: Plaintiffs' § 1983 Claim Regarding Valania Park**

Plaintiffs bring claims pursuant to 42 U.S.C. § 1983 based on the physical condition of Valania Park in Allentown, Pennsylvania.  *Id.* at ¶ 1, 3.

The first section of Plaintiffs' Complaint alleges generally that Defendants, through a practice and policy of indifference to the civil rights and liberties of the named Plaintiffs, as well as the Black and Hispanic communities, have ignored the deteriorating condition of Valania Park in Allentown, Pennsylvania, instead choosing to invest more time and resources in the upkeep of parks located in predominately white communities. *See generally* Compl. at ¶ 1 – 114. The Complaint states that all named Plaintiffs are persons of color. *Id.* at ¶ 4.

The Complaint alleges that Plaintiff Jalil Rasheed "frequents Valania Park, and the current conditions have caused him to suffer because, there is no place for him to sit down, and he is a Black American with a Disability." *Id.* at ¶ 5. The Complaint further alleges that Plaintiff Marcus Henry "brings his three children to the park where the children stumble and fall because of the cracks in the sidewalk cement." *Id.* at ¶ 12. The Complaint does not aver whether Plaintiffs Jimi Rose and/or Latoya McPherson visit, use, or are in any way personally impacted by Valania Park.

The Complaint generally describes Valania Park's condition as "haggard" and "not fit for human habitation." *Id.* at ¶¶ 27, 114. The Complaint also alleges Valania Park does not have electricity, a concession stand, or a recreation room. *Id.* at ¶¶ 13, 22. The Complaint alleges the benches at Valania Park "are so small that" it is difficult for children and citizens with disabilities to get up from them after sitting down. *Id.* at ¶ 23. The Complaint alleges Defendants have been aware

of Valania Park's poor condition, and that scheduled renovations to Valania Park have been continuously delayed. *Id.* at ¶¶ 14, 16, 18, 37, 41.

This poor condition, the Complaint avers, is in contrast to parks located in primarily white neighborhoods, which Plaintiffs aver are in better condition. *Id.* at ¶¶ 27, 44. Indeed, the Complaint avers that "in the White Parks, there is a toilet," but there is no toilet in Valania Park. *Id.* at 13,

The Complaint appears to allege that this contrast in the quality of parks "frequented primarily by White Persons" against that of Valania Park, which is mostly frequented by "Black People and Hispanic People," is due to Defendants' "Practice and Policy that is indifferent to the Civil Rights and Liberties of the named Plaintiffs as well as the Black and Hispanic Community at large." *Id.* at ¶¶ 8, 11 44, 51, 108. The Complaint does not identify a particular program, policy, or practice, but alleges "the City of Allentown and its Officials including the Minority Officials who sit on the City Council Board have acted in concert, at all times relevant, with the White Oppressors who have only one goal in mind and that is to degrade and dehumanize Black and Hispanic men, women, and children, and senior citizens with Disabilities." *Id.* at ¶ 32.

### c. Section One: Plaintiffs' Americans with Disabilities Act ("ADA") Claim Regarding Valania Park

Although not contained within a separate section, unlike Plaintiffs' subsequent claim concerning community and housing development in general, it appears Plaintiffs attempt to state a claim against Defendants under the Americans With Disabilities Act of 1990 ("ADA"). Because Plaintiffs are pro se, the Court construes Plaintiffs' Complaint liberally and will consider whether Plaintiffs successfully state a claim under the ADA. *Higgs v. AG of the United States*, 655 F.3d 333, 339 (3d Cir. 2011) ("when presented with a *pro se* litigant, we 'have a special obligation to construe his complaint liberally.'") (quoting *United States v. Miller*, 197 F.3d 644, 648 (3d Cir. 1999)).

Plaintiffs' Complaint alleges "Valania Park currently violates the Disabilities Act for the State of Pennsylvania." Compl. at ¶ 24. It appears Plaintiffs intend to assert a violation of the ADA. *See* Plaintiffs' Response to First Motion to Dismiss at ¶ 16 (ECF No. 46) ("The Americans with Disabilities Act regulations require that government organizations provide seating that individuals with disabilities can use."). The Complaint alleges "[t]here are no provisions for handicapped senior citizens or handicapped people in general. Children with handicaps are forced to travel at their own risk while City Officials sit back in the City Hall and laugh." Compl. at ¶ 24.

### d. Section Two: Plaintiffs' § 1983 Claim Regarding Defendants' Practice and Policy to Invest in the Development of Predominately White Communities Over Predominately Minority Communities

A second section of the Complaint, titled "Count II," alleges that Defendants "have a practice and policy concerning unfair housing with respect to Minority People." *See* Compl. at ¶ 115. This section of the Complaint brings numerous allegations, including allegations "that the city of Allentown" awards "grant money" and "redevelopment money" "primarily to White people." *Id.* at ¶ 122.

The Complaint does not allege any injury on behalf of the particular named Plaintiffs, but rather broadly alleges Defendants "do not offer an Equal Housing Opportunity to the poor and oppressed people who are majority Black and Hispanic." *Id.* at ¶ 127. The Complaint alleges that "[i]n the majority minority section of the City of Allentown, there are no City Council Meetings being held" and "there are few, if any polling places." *Id.* at ¶ 129-130. The Complaint further alleges Defendants "have never redeveloped the minority sections of Allentown" and "The City of Allentown has a practice and policy that if you are White, you get richer; if you are Black or Hispanic, you stay poor. If you come from a foreign country, the city makes sure you have plenty of money to open up stores in a Minority Area, and these foreign people are stealing money from poor and oppressed Black

and Hispanic people." *Id.* at ¶ 132-133. The Complaint further alleges, "Allentown City Inspectors turn a blind eye toward slum lords by ignoring roach-infested apartments and houses, bed-bug infested apartments and houses, rat-infested apartments and houses, houses and apartments that are infested with mold, and it is believed that the City of Allentown acts in concert with the slum lords." *Id.* at ¶ 139.

Plaintiffs' Complaint also alleges that "any grant money comes from the State or Federal Government, the City [of Allentown] must by Federal and State law make sure 20% of that grant money is given to Minorities" and that "[i]n the City of Allentown, this practice is denied, and it has become a Whites-only business" and that "records will prove and show that White people are deemed far superior to Blacks and Hispanics." *Id.* at ¶ 143-44.

### e.  PROCEDURAL HISTORY

Defendant Allentown Parks and Recreation returned a Waiver of the Service of Summons. *See* ECF No. 19. Thereafter, this Court Ordered defense counsel to enter his appearance and file waivers of service on behalf of the City of Allentown, Bina Patel, Allentown City Counsel, Cynthia Mota, Candida Affa, Cecelia Gerlach, Daryl Hendricks, Joshua Siegl, Ed Zucal, Allentown Bureau of Planning and Zoning, Irene Woodward, and Karen El-Chaar. *See* ECF No. 30.

Defense counsel was not ordered to file waivers of service on behalf of, nor were summons returned executed for, Defendants former Mayor Ed Pawlowski, former Mayor Ray O'Connell, and former City Council President Julio A. Guridy.[1]

---

[1] Moving Defendants aver, "It is denied that all named Defendants were properly served with the forms as some of the named Defendants are no longer with the City of Allentown. More specifically, former Mayor Edwin Pawlowski, former Mayor Ray O'Connell and Julio Guridy, former Council President are no longer with the City of Allentown. As such, they were not provided copies of forms A0-398 and 399." *See* ECF No. 29 at ¶ 1.

The Plaintiffs in this action consist of Jimi Rose, Marcus A. Henry, Jr., Latoya McPherson, and Jalil Rasheed ("Plaintiffs"). The Complaint names the following Plaintiffs: Latoya McPhereson; Jalil Rasheed; Marcus A. Henry, Jr.; the People's Coalition for Human Rights; Brothers and Sisters of Valania Park; and The Messenger and the Prophet, Jesus Christ. *See* Complaint at pg. 1 (ECF No. 5). The Court granted Plaintiffs motions to withdraw Brothers and Sisters of Valania Park and the People's Coalition for Human Rights as Plaintiffs on March 25, 2022. (ECF No. 22). The Court also withdrew The Messenger and the Prophet, Jesus Christ as a Plaintiff on November 19, 2021. (ECF No. 6). On November 18, 2022 the Court granted as unopposed Plaintiffs' Motion (ECF No. 52) to Join Jimi Rose as an additional named Plaintiff. (ECF No. 55).[2]

Plaintiffs sought repeatedly to certify a class (ECF Nos. 2, 3, 7, 8, 13, 21, 32). This Court denied Plaintiffs' motions to certify a class because non-lawyer pro-se litigants are not permitted to represent a plaintiff class. *See* ECF Nos. 6, 9, 22, 45; *see also Krebs v. Rutgers*, 797 F. Supp. 1246, 1261 (D. N.J. 1992) ("[I]n light of plaintiffs' pro se status, class certification is inappropriate); *Gunn v. Credit Suisse Grp. AG*, 610 Fed. App'x 155, 157 (3d Cir. 2015) ("The Federal courts 'have routinely adhered to the general rule prohibiting pro se plaintiffs from pursuing claims on behalf of others in a representative capacity.") (*per curiam*) (quoting *Simon v. Hartford Life, Inc.*, 546 F.3d 661, 664-665 (9th Cir. 2008)).

Defendant Allentown Parks and Recreation filed a Motion to Dismiss on April 29, 2022. (ECF No. 27). On May 18, 2022, Plaintiffs moved for an extension of time to respond and for a hearing on Defendants' Motion. (ECF No. 32). On May 24, 2022, this Court issued an Order denying Plaintiffs'

---

[2] Although, on December 22, 2021, Plaintiffs submitted a Declaration of Aurea R. McPherson that she is one of the named Plaintiffs in this action (ECF No. 10), Aurea R. McPherson's name does not appear in the Complaint (ECF No. 5) nor did Plaintiffs file a Motion to add/join McPherson as an additional Plaintiff, as Plaintiffs did with Plaintiff Jimi Rose. *See* ECF No. 52. Accordingly, the Court does not deem Aurea R. McPherson a named Plaintiff in this action.

motion for a hearing, but granting the Plaintiffs an extension of time to respond to Defendant's Motion until June 24, 2022. (ECF No. 45). Plaintiffs filed a Response in Opposition on June 28, 2022. (ECF No. 46).

Thereafter, Defendants City of Allentown, Allentown City Council, Candida Affa, Karen El-Chaar, Cecilia Ce-Ce Gerlach, Daryl Hendricks, Cynthia Mota, Bina Patel, Allentown Bureau of Planning and Zoning, Joshua Siegal, Irene Woodward, and Ed Zucal filed a Motion to Dismiss on July 18, 2022. (ECF No. 47). On September 12, 2022, Plaintiffs moved for an extension of time to respond until October 1, 2022. (ECF No. 50). The Court granted this request on September 15, 2022. (ECF No. 51). Plaintiffs filed a Response in Opposition on October 13, 2022 (ECF No. 53).

Because both Motions to Dismiss (ECF Nos. 27, 47) advance substantially similar arguments and both movants are represented by the same counsel, the Court decides these motions jointly. Defendant Allentown Parks and Recreation, along with Defendants City of Allentown, Allentown City Council, Candida Affa, Karen El-Chaar, Cecilia Ce-Ce Gerlach, Daryl Hendricks, Cynthia Mota, Bina Patel, Allentown Bureau of Planning and Zoning, Joshua Siegal, Irene Woodward, and Ed Zucal are hereinafter referred to as "Moving Defendants."

## III.    LEGAL STANDARD

Defendants move to dismiss Plaintiffs' claim pursuant to Fed. R. Civ. P. 12(b)(6). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly*, 550 U.S. at 556). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.* (citing

*Twombly*, 550 U.S. at 555). A court is "not compelled to accept unsupported conclusions and unwarranted inferences, or a legal conclusion couched as a factual allegation." *Wheeler v. Wheeler*, 639 Fed. Appx. 147, 149 (3d. Cir. 2016) (quoting *Morrow v. Balaski*, 719 F.3d 160, 165 (3d Cir. 2013)).

Even where a plaintiff is proceeding pro se, in deciding a motion to dismiss, the Court is not permitted to add or imply certain facts to a plaintiff's complaint that are not plead. *Doe v. Law Sch. Admission Council, Inc.*, 791 Fed. Appx. 316, 321 (3d Cir. 2019) ("Although we must construe pro se pleadings liberally, we cannot add facts [the Plaintiff] does not supply.").

## IV.   ANALYSIS

### a.   All Counts Against the Individual Defendants Are Dismissed With Prejudice

Plaintiffs bring claims against the City of Allentown, Allentown City Council, Allentown Bureau of Planning and Zoning, and Allentown Parks & Recreation ("Government Entity Defendants") pursuant to 42 U.S.C. § 1983. Compl. at ¶ 3.

Plaintiffs also bring § 1983 claims against Defendants former Mayor of Allentown Ray O'Connell; former Mayor of Allentown Ed Pawlowski; City of Allentown Treasury and Accounting Manager Bina Patel; former President of Allentown City Council Julio A. Guridy; Vice President of Allentown City Council Cynthia Mota; Allentown City Councilperson Candida Affa; Allentown City Councilperson Cecilia Ce-Ce Gerlach; Allentown City Councilperson Daryl L. Hendricks; former Allentown City Councilperson Joshua Siegel; Allentown City Councilperson Ed Zucal; former Director of Planning and Zoning for the City of Allentown Irene Woodward; and former Executive Director of Allentown Parks and Recreation Karen El-Chaar ("Individual Defendants"). *Id.*

When a plaintiff raises a § 1983 claim against a municipal employee, the claim is either brought against the employee in their "official capacity" or "personal capacity." *Harrison v.*

*Abraham*, No. 96-4262, 1996 U.S. Dist. LEXIS 19432 at *6 (E.D. Pa. Dec. 17, 1996). Suing a municipal employee in their "official-capacity…generally represent[s] only another way of pleading an action against an entity of which [the municipal employee] is an agent." *Marshall v. Amuso*, No. 21-4336, 2022 U.S. Dist. LEXIS 62498 at *17 (E.D. Pa. Apr. 4, 2022).  In an "official-capacity" suit against a municipal employee, the plaintiff alleges that the governmental entity's "policy or custom…played a part in the violation of federal law." *Harrison*, 1996 U.S. Dist. LEXIS 19432 at *7 (quoting *Hafer v. Melo*, 502 U.S. 21, 25 (1991)). A plaintiff brings an official capacity suit against a municipal employee when they "examine[]" the employee's "capacity" as a governmental entity's "decision-maker." *Nelson v. County of Sacramento*, 926 F. Supp. 2d 1159, 1169 n.5 (E.D. Cal. 2013). Therefore, courts in this circuit hold that official capacity suits against a municipal employee are equivalent to suits against the municipality itself. *Thomas v. City Chester*, No. 15-3955, 2016 U.S. Dist. LEXIS 36681 at *6 (E.D. Pa. 2016).

"Personal-capacity suits, on the other hand, seek to impose individual liability upon a government officer for actions taken under color of state law." *Id.* (quoting *Hafer*, 502 U.S. at 25). "Individual capacity claims must be based on 'personal involvement in the alleged constitutional violation.'" *Estate of Hammers v. Douglas City*, 303 F. Supp. 3d 1134, 1149 (D. Kan. 2018) (quoting *Fogarty v. Gallegos*, 523 F.3d 1147, 1162 (10th Cir. 2008)). To plead "personal involvement," a plaintiff must plead more than "a theory of general acquiescence" without particularity. *Marshall*, 2022 U.S. Dist. LEXIS 62498 at *19-20.

Here, Plaintiffs claims against the Individual Defendants are "official-capacity" claims because Plaintiffs allege that Defendants are liable for "maintain[ing] a Practice and Policy that is indifferent to the Civil Rights and Liberties of the named Plaintiffs as well as the Black and Hispanic

Community at large." Compl. at ¶ 11. Indeed, the Complaint avers "Defendants…at all times, were acting in their ***Official Capacity*** Under Color of State Law." *Id.* at ¶ 1. (emphasis added).

Because Plaintiffs' § 1983 claims against the Individual Defendants are "official-capacity" claims, they are treated as claims against the City of Allentown. *Janowski v. City of N. Wildwood*, 259 F. Supp. 2d 113, 131 (D. N.J. 2017) ("An official-capacity suit, is in all respects other than name, to be treated as a suit against the entity. It is ***not*** a suit against the official personally, for the real party in interest is the entity.") (quoting *Kentucky v. Graham*, 473 U.S. 159, 166 (1985)) (emphasis in original). Because Plaintiffs already bring the same claims against Defendant City of Allentown, Plaintiffs' claims against the Individual Defendants are dismissed as duplicative. *Id.* ("Accordingly, where claims against an officer in his official capacity are duplicative of claims against the municipality, those claims are properly dismissed as redundant."); *see also Thomas*, 2016 U.S. Dist. LEXIS 36681 at *5-6 (dismissing official capacity claims against police officers as duplicative of claims against the municipality); *Forman v. Montgomery Cty. Corr. Facility*, No. 19-5300, 2020 U.S. Dist. LEXIS 22067 at *16 (E.D. Pa. Feb. 7, 2020) ("Official capacity claims against governmental officials are duplicative of claims against the governmental entity.").

### b.  Plaintiffs' § 1983 Claims Against Government Entity Defendants Are Dismissed Without Prejudice for Failure to State a Claim

Plaintiffs' bring claims for violation of the Equal Protection Clause pursuant to 42 U.S.C. § 1983. Compl. at ¶ ¶ 3; 10; 115. Plaintiffs' bring two separate § 1983 claims: One, (1) Defendants, through a practice and policy of indifference to the civil rights and liberties of the named Plaintiffs, as well as the Black and Hispanic communities, have ignored the deteriorating condition of Valania Park in Allentown, Pennsylvania, instead choosing to invest more time and resources in the upkeep of parks located in predominately white communities. *See generally* Compl. at ¶ 1 – 114. Two, (2)

Defendants "have a practice and policy concerning unfair housing with respect to Minority People." Compl. at ¶ 115. *See also* Plaintiffs' Response to First Motion to Dismiss at ¶¶ 17-18 (ECF No. 46).[3]

The Equal Protection Clause provides that "[n]o State shall…deny to any person within its jurisdiction the equal protection of the laws." U.S. Const. Amend. XIV, § 1. Under 42 U.S.C. § 1983, a plaintiff may recover damages where the "(1) the defendant deprived her of a right secured by the Constitution or laws of the United States; and (2) the defendant deprived her of this federal right under color of any statute, ordinance, regulation, custom or usage of any state or territory." *Hellmann v. Kercher*, No. 07-1373, 2009 U.S. Dist. LEXIS 17279 at *11 (W.D. Pa. Mar. 6, 2009) (citing *Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 150 (1970)).

In determining whether a government entity may be held liable under 42 U.S.C. § 1983, this Court is guided by the United States Supreme Courts' holding in *Monell v. New York City Department of Social Services*, 436 U.S. 658 (1978). There, the Supreme Court held that "a local government" may be only be sued under § 1983 "when execution of a government's policy or custom, whether made by its lawmakers or by those whose edicts or acts may fairly be said to represent official policy, inflicts the injury that the government as an entity is responsible" for. *Id.* at 694. Accordingly, to successfully state a claim for municipal liability under *Monell* (a "*Monell* claim"), Plaintiffs must allege (1) they "possessed a constitutional right of which [they were] deprived"; (2) "the municipality

---

[3] The Court does not consider Equal Protection Clause arguments raised in Plaintiffs' Response to First Motion to Dismiss (ECF No. 46) concerning the placement of surveillance equipment in communities of color as these arguments are not raised in Plaintiffs' Complaint. *See Com. of Pa. ex rel. Zimmerman v. PepsiCo, Inc.*, 836 F.2d 173, 181 (3d Cir. 1988) ("it is axiomatic that the complaint may not be amended by the briefs in opposition to a motion to dismiss."); *Law Sch. Admission Council, Inc.*, 791 Fed. Appx. at 321 ("Although we must construe pro se pleadings liberally, we cannot add facts [the Plaintiff] does not supply."). Paragraph 77 of Plaintiffs' Complaint alleges "No other place in the country is there more cameras in the minority section than in Allentown, PA" but this paragraph is contained within the section of Plaintiffs' Complaint that addresses Plaintiffs' § 1983 claim concerning Valania Park, and this paragraph does not allege such surveillance violates the Equal Protection Clause, nor that it is the result of a specific municipal policy or custom.

had a policy or custom"; (3) "the policy or custom 'amounted to deliberate indifference' to the plaintiffs constitutional right"; and (4) "the policy was the 'moving force behind the constitutional violation.'" *Williams v. Del. Cty. Bd. of Prison Inspectors*, No. 17-cv-4348, 2018 U.S. Dist. LEXIS 109852 at *10 (E.D. Pa. July 2, 2018) (quoting *Vargas v. City of Phila.*, 783 F.3d 962, 974 (3d Cir. 2015)).

A municipality's "policy" is a "'statement ordinance, regulation, or decision officially adopted and promulgated by' the governing body's officers." *Id.* at *11 (quoting *Monell*, 436 U.S. at 690). To plead custom, a plaintiff must plead existence of a "custom 'so well-settled and permanent as to virtually constitute law.'" *Presbury v. Correct Care Sols., LLC*, No. 22-331, 2023 U.S. Dist. LEXIS 14007 at *10 (E.D. Pa. Jan. 27, 2023). A plaintiff must also plead that "a policymaker with final decision-making authority took action consistent with the alleged policy or custom." *Williams*, 2018 U.S. Dist. LEXIS 109852 at *11; *see also Presbury*, 2023 U.S. Dist. LEXIS 14007 at *10 (dismissing *Monell* claim for failure to "identify a decision maker").

### i.   Plaintiffs' Valania Park § 1983 Claims are Dismissed Without Prejudice for Failure to State a Claim

With respect to Plaintiffs' first § 1983 claim concerning Valania Park, Plaintiffs successfully plead (1) deprivation of a constitutional right, as Plaintiffs' allege that they "are treated differently from White People similarly situated," invoking their rights under the Equal Protection Clause of the Fourteenth Amendment. Compl. at ¶ 13.

However, Plaintiffs fail to plead (2), the existence of a municipal policy or custom, as to any of the Government Entity Defendants. The Complaint alleges that Valania Park, an Allentown park frequented primarily by "Black People and Hispanic People," such as Plaintiffs, is in far worse condition than Allentown parks "frequented primarily by White Persons" because of Defendants'

"Practice and Policy that is indifferent to the Civil Rights and Liberties of the named Plaintiffs as well as the Black and Hispanic Community at large." *Id.* at ¶¶ 8, 11, 44, 51, 108. To successfully plead the existence of a municipal policy or custom, Plaintiffs must point to an actual, particular policy or custom that violates Plaintiffs' constitutional rights. It is not enough to state Defendants' "Practice and Policy" is "indifferent to the Civil Rights and Liberties of the named Plaintiffs" – Plaintiffs must plead in particular ***what*** Practice and Policy of Defendants violates Plaintiffs' civil rights.

For example, the Third Circuit Court of Appeals held a plaintiff failed to state a *Monell* claim based on the defendants' alleged "policy of ignoring First Amendment rights" because "[t]o satisfy the pleading standard," the plaintiff "must identify a custom or policy, and specify what exactly that custom or policy was." *McTernan v. City of York*, 564 F3d 636, 658 (3d Cir. 2009).

Similarly, the court in *Williams v. United States* dismissed the plaintiff's *Monell* claim because the plaintiff's conclusory allegations that there were "a series of discrimination instances" failed to identify a specific policy or custom that was discriminatory. *Williams v. United States*, No. 18-14455, 2018 U.S. Dist. LEXIS 174820 at *10 (D. N.J.). *See also Williams v. Toto*, No. 20-cv-4593, 2021 U.S. Dist. LEXIS 108152 at *28 (E.D.N.Y. June 9, 2021) (holding plaintiff's failure to "identif[y] a particular law or policy" fatal to Equal Protection claim."). Similarly, in *Hyer v. City & Cty. Of Honolulu*, the court dismissed a plaintiff's *Monell* claim where the plaintiff plead that the City of Honolulu "had a policy or custom of using excessive force on people with mental illness." No. 19-00586, 2020 U.S. Dist. LEXIS 223621 at *23 (D. Haw. Nov. 30, 2020). The court dismissed the plaintiff's complaint, holding "[m]erely alleging that the Defendants acted with deliberate indifference is conclusory and does not show that the policies' deficiencies were obvious and that constitutional injury was likely to occur." *Id.* (citing *Herd v. Cnty. of San Bernadino*, 311 F. Supp. 3d 1157, 1168 (C.D. Cal. 2018)).

Moreover, "[c]ourts require a plaintiff to plead multiple instances of alleged violations in order to allow a *Monell* claim based on policy, practice, or custom to proceed." *Id.* at 20. "Liability for improper custom may not be predicated on isolated or sporadic incidents, but it must be founded upon practices of sufficient duration, frequency and consistency that the conduct has become a traditional method of carrying out policy." *Id.* at 21 (citing *Trevino v. Gates*, 99 F.3d 911, 918 (9th Cir. 1996)). Here, Plaintiffs fail to plead any such history of specific civil rights violations concerning their § 1983 claim as to Valania Park.

Plaintiffs also fail to "adequately plead…a link between the challenged restriction and a municipal decisionmaker." *McTernan*, 564 F.3d at 659. Plaintiffs do not identify a particular municipal decisionmaker who took a specific or particular action consistent with a municipal policy. Rather, Plaintiffs broadly allege their "Civil Rights and Liberties…were taken away by elected Officials of City Council and the Mayor's Office." Compl. at ¶ 66. It appears the only decisionmaker specifically referenced in Plaintiffs' Complaint is Defendant Karen El-Chaar. *Id.* at ¶¶ 37-38, 52. However, Plaintiffs do not allege El-Chaar took any particular action consistent with a municipal policy or custom, but rather just that El-Chaar made promises regarding the timing of Valania Park's renovations and shared information about the funding and status of the renovations. *Id.* at ¶¶ 37-38, 52.

To validly state a *Monell* claim, Plaintiffs must plead both the existence of a specific policy or custom *and* that "a policymaker with final decision-making authority took action consistent with the alleged policy or custom." *Williams*, 2018 U.S. Dist. LEXIS 109852 at *11. Here, Plaintiffs' Complaint fails to plead either. Accordingly, the Court dismisses Plaintiffs' first § 1983 count concerning Valania Park. This dismissal, however, is without prejudice. Plaintiffs may, within forty-

five (45) days of this Memorandum Opinion and Order, file an amended complaint correcting the aforementioned deficiencies.

Defendants also contend that Plaintiffs do not have standing to assert their § 1983 claims as to Valania Park. *See* Defendants' Second Motion to Dismiss at pgs. 7-8 (ECF No. 47). While, for the aforementioned reasons, Plaintiffs fail to state a claim upon which relief may be granted, it is not clear from the face of the Complaint that all Plaintiffs lack standing.

Plaintiffs' Response argues Plaintiffs have standing as state and federal taxpayers. *See* Plaintiffs' Response to First Motion to Dismiss at ¶ 5 (ECF No. 46). However, the Third Circuit expressly rejected the argument that a plaintiff's status as a state and federal taxpayer is sufficient to confer Article III standing. *Nichols v. City of Rehoboth Beach*, 836 F.3d 275, 280 (3d Cir. 2016) (holding "The Supreme Court has roundly rejected federal taxpayer standing" and "[l]ikewise, state taxpayers have no standing under Article III to challenge state tax or spending decisions simply by virtue of their status as taxpayers.") (citing *Hein v. Freedom from Religion Found., Inc.*, 551 U.S. 587, 599 (2007) then *DaimlerChrysler Corp. v. Cuno*, 547 U.S. 332, 346 (2006)).

Nevertheless, Plaintiffs may have standing to the extent they are state residents who use Valania Park. An "individual's use and enjoyment of public land is a sufficient to confer standing to challenge governmental actions." *American Civil Liberties Union v. Rabun County Chamber of Commerce, Inc.*, 698 F.2d 1098, 1105 (11th Cir. 1983). Here, the Complaint pleads that Plaintiff Rasheed "frequents Valania Park" and that Plaintiff Henry "brings his three children to the park." Compl. at ¶¶ 5, 12. Accordingly, the Court dismisses Plaintiffs' § 1983 count concerning Valania

Park on the grounds that the Complaint fails to state a claim upon which relief may be granted, not for lack of standing.[4]

### ii.   Plaintiffs' Unfair/Discriminatory Housing § 1983 Claims are Dismissed for Lack of Standing and Failure to State a Claim

Plaintiffs raise an additional Equal Protection § 1983 claim, alleging Defendants "have a practice and policy concerning unfair housing with respect to Minority People." Compl. at ¶ 115. *See also* Plaintiffs' Response to First Motion to Dismiss at ¶¶ 17-18 (ECF No. 46).

This claim must be dismissed, because similar to Plaintiffs' Valania Park claim, the Complaint fails to identify a specific housing policy that is discriminatory, and in nearly identical words, rests on the conclusory allegation that "the City of Allentown has a practice and policy concerning low-income housing that is indifferent to the Plaintiffs' Civil Rights and Liberties." Compl. at ¶ 121. Plaintiffs' claim contains broad allegations that The City of Allentown allocates public funds in a manner that is "indifferent to the Plaintiffs' Civil Rights and Liberties" but the Complaint does not identify any specific policies or customs that are indifferent to Plaintiffs' civil rights and liberties. Moreover, Plaintiffs' claim similarly fails to plead "a policymaker with final decision-making

---

[4] Should Plaintiffs elect to file an amended complaint, such amended complaint may not assert standing or state a claim based on the interests of any other persons besides Plaintiffs themselves. To state a claim for relief, Plaintiffs must allege individual and particularized harm. Plaintiffs' previous motions to certify a class have been denied. (ECF Nos. 2, 3, 7, 8, 13, 21, 32). This Court denied Plaintiffs' motions to certify a class because non-lawyer pro-se litigants are not permitted to represent a plaintiff class. *See* ECF Nos. 6, 9, 22, 45; *see also Krebs v. Rutgers*, 797 F. Supp. 1246, 1261 (D. N.J. 1992) ("[I]n light of plaintiffs' pro se status, class certification is inappropriate); *Gunn v. Credit Suisse Grp. AG*, 610 Fed. App'x 155, 157 (3d Cir. 2015) ("The Federal courts 'have routinely adhered to the general rule prohibiting pro se plaintiffs from pursuing claims on behalf of others in a representative capacity.") (*per curiam*) (quoting *Simon v. Hartford Life, Inc.*, 546 F.3d 661, 664-665 (9th Cir. 2008)).

authority took action consistent with the alleged policy or custom." *Williams*, 2018 U.S. Dist. LEXIS 109852 at *11.

Moreover, the Complaint, as plead, does not establish that Plaintiffs have standing to raise § 1983 claims concerning Government Entity Defendants' allegedly unfair or discriminatory housing practices. A plaintiff does not have standing to assert a § 1983 claim based on "a general interest common to all members of the public." *Webb v. Susquehanna Twp. Sch. Dist.*, 93 F. Supp. 3d 343, 348 (M.D. Pa. 2015) (quoting *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 562 (1992)). To have standing, a plaintiff must allege they sustained: "(1) an 'injury in fact' that is 'concrete and particularized' and 'actual or imminent'; (2) a causal connection between the injury alleged the 'challenged action of the defendant'; and (3) that the injury is likely to be 'redressed by favorable decision.' *Id.* (quoting *Lujan*, 504 U.S. at 560-61). In other words, the plaintiff must "be himself among the injured" and the injury "must affect the plaintiff in a personal and individual way." *Id.* (quoting *Lujan*, 504 U.S. at 563, 560 n.1).

Here, Plaintiffs honorably advocate for the "poor and oppressed people of color in the City of Allentown." Compl. at ¶ 128. However, Plaintiffs only have standing to seek redress for injuries in fact that named ***Plaintiffs themselves*** sustain. Plaintiffs fail to plead that they themselves sustained any sort of concrete and particularized injury resulting from Defendants' alleged unfair or discriminatory housing practices themselves. Plaintiffs do not plead that they themselves were denied housing or repairs as the result of a particularly discriminatory policy or custom.

Accordingly, the Court also dismisses Plaintiffs' second § 1983 count concerning unfair housing. This dismissal, however, is also without prejudice. Plaintiffs may, within forty-five (45) days of this Memorandum Opinion and Order, file an amended complaint correcting the aforementioned deficiencies.

**c. Plaintiffs' ADA Claim is Dismissed Without Prejudice as to Individual Defendants for Failure to State a Claim, but is Dismissed With Prejudice as to Government Entity Defendants**

Plaintiffs' Complaint alleges "Valania Park currently violates the Disabilities Act for the State of Pennsylvania." Compl. at ¶ 24. Because it appears Plaintiffs intend to assert a violation of the ADA, and in accordance with the Third Circuit's guidance to liberally construe a pro se plaintiff's complaint, the Court considers whether Plaintiffs successfully state a claim under Title II of the Americans with Disabilities Act of 1990 ("ADA"), as "Title II authorizes suits by private citizens for money damages against public entities that violate" the ADA. *Jordan v. Delaware*, 433 F. Supp. 2d 433, 442 (D. Del. 2006) (quoting *United States v. Georgia*, 546 U.S. 206, 210 (1998)); *see also* Plaintiffs' Response to First Motion to Dismiss at ¶ 16 (ECF No. 46) ("The Americans with Disabilities Act regulations require that government organizations provide seating that individuals with disabilities can use."); *Higgs v. AG of the United States*, 655 F.3d 333, 339 (3d Cir. 2011) ("when presented with a *pro se* litigant, we 'have a special obligation to construe his complaint liberally.'") (quoting *United States v. Miller*, 197 F.3d 644, 648 (3d Cir. 1999)).

To state a claim under Title II of the ADA, a plaintiff must allege a *prima facie* case that (1) they are a "qualified individual with a disability"; (2) they were "either excluded from participation in or denied the benefits of some public entity's services, programs or activities or was otherwise discriminated against"; and (3) "that such exclusion, denial of benefits or discrimination was by reason of [their] disability." *Douris v. N.J.*, 500 Fed. Appx. 98, 101 (3d Cir. 2012) (quoting *Toledo v. Sanchez*, 454 F.3d 24, 31-32 (3d Cir. 2012)).

The Complaint alleges "[t]here are no provisions for handicapped senior citizens or handicapped people in general. Children with handicaps are forced to travel at their own risk while City Officials sit back in the City Hall and laugh." Compl. at ¶ 24. The Complaint also alleges that

"the benches that are at the park are so small that not even a child can manipulate getting up from the bench without struggle, but senior citizens who are overweight and have disabilities are forced to sit on this bench to get help getting up." *Id.* at ¶ 23.

As with Plaintiffs' § 1983 claims, the Court dismisses this claim with prejudice as to the Individual Defendants. Title II of the ADA permits suit against public entities, but not "state employees in their individual capacities." *Tisdale v. Betti*, No. 1:21-cv-1849, 2022 U.S. Dist. LEXIS 149581 at *30 (M.D. Pa. Aug. 19, 2022) (quoting *Bowens v. Wetzel*, 674 F. App'x 133, 136 (3d Cir. 2017)). *See also City & Cnty. of San Francisco v. Sheehan*, 575 U.S. 600, 610 (2015) ("[o]nly public entities are subject to Title II [of the ADA]."); *Jordan*, 433 F. Supp. 2d at 442 ("Title II of the ADA does not authorize suits against individuals.") (citing *Miller v. King*, 384 F.3d 1248, 1277 (11th Cir. 2004)).

Also as with Plaintiffs' § 1983 claims, the Court dismisses this claim without prejudice as to the Government Entity Defendants. Although Title II of the ADA permits suit against public entities, Plaintiffs must adequately plead a *prima facie* case to state a claim. As to the first (1) prong, whether a Plaintiff is a "qualified individual with a disability," the Complaint does not attempt to plead that Plaintiffs Jimi Rose, Marcus A. Henry, Jr. or Latoya McPherson are qualified individuals with a disability. With respect to Plaintiff Jalil Rasheed, the Complaint pleads only that Plaintiff Rasheed "is a Black American with a Disability" who "frequents Valania Park." Compl. at ¶ 5. Under the ADA, the term "disability" is defined as "a physical or mental impairment that substantially limits one or more major life activities of such an individual," or " a record of such an impairment," or "being regarded as having such an impairment." *Geronimo v. Ford*, No. 3:20-cv-02145, 2021 U.S. Dist. LEXIS 173870 at *9 (M.D. Pa. Sept. 14, 2021) (quoting 42 U.S.C. § 12102(1)). The term "major life activities" includes "caring for oneself, performing manual tasks, seeing, hearing, eating,

sleeping, walking, standing, lifting, bending, speaking, breathing, learning, reading, concentrating, thinking, communicating, and working." *Id.* at *9-10 (quoting  42 U.S.C. § 12102(2)(A)). Here, the Complaint fails to allege Plaintiff Rasheed is a person with a disability that meets the ADA's definition, because the Complaint pleads only that Plaintiff Rasheed has a "disability." Compl. at ¶ 5. The Compliant does not plead that Plaintiff Rasheed has a particular disability that substantially limits one or more major life activities.[5] *See Barnett v. Jewish Family Servs. of Greater Harrisburg*, No. 1:20-CV-02176, 2021 U.S. Dist. LEXIS 128661 at *7 (M.D. Pa. July 9, 2021) (dismissing plaintiff's ADA claim where plaintiff failed to "allege any facts regarding how her disability substantially affected any major life activity.").

Moreover, Plaintiffs fail to adequately plead prongs (2) and (3) of their *prima facia* case as Plaintiffs fail to plead any facts establishing "a causal relationship" between Plaintiffs' alleged disability and Defendants' "alleged discriminatory conduct." *Parker v. City of Highland Park*, 437 F. Supp. 3d 609, 620 (E.D. Mich. 2020). Put another way, Plaintiffs fail to allege that Defendants "took action ***because*** of the plaintiff's disability." *Id.* at 621 (emphasis in original). Plaintiffs must plead specific facts to describe how they were "excluded from participation in or denied the benefits of a public entity's services, programs or activities" or that they were "denied any benefit 'by reason of a disability.'" *Snow v. Ky. State Reformatory*, No. 3:17-cv-P521, 2019 U.S. Dist. LEXIS 107477 at *16-17 (W.D. Ky. June 26, 2019).

---

[5] The Court does not consider additional facts averred in Plaintiffs' Response to First Motion to Dismiss (ECF No. 46) concerning Plaintiff Rasheed, as these facts are not plead in Plaintiffs' Complaint. *See PepsiCo, Inc.*, 836 F.2d at 181 ("it is axiomatic that the complaint may not be amended by the briefs in opposition to a motion to dismiss."); *Law Sch. Admission Council, Inc.*, 791 Fed. Appx. at 321 ("Although we must construe pro se pleadings liberally, we cannot add facts [the Plaintiff] does not supply.").

Accordingly, the Court dismisses Plaintiffs' ADA claim without prejudice. Plaintiffs may, within forty-five (45) days of this Memorandum Opinion and Order, file an amended complaint correcting the aforementioned deficiencies.

## V.        CONCLUSION

For the foregoing reasons, Plaintiffs' claims against the Individual Defendants are dismissed with prejudice and Plaintiffs' claims against the Government Entity Defendants are dismissed without prejudice. Plaintiffs may file an amended complaint within forty-five (45) days. An appropriate Order follows.

BY THE COURT:


*/s/ John M. Gallagher*
JOHN M. GALLAGHER
United States District Court Judge